AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

TYRIK SPENCER,
Defendant

Criminal Complaint

CASE NUMBER: 07- *151m*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about August 14, 2007 in the District of Delaware, Defendant **TYRIK SPENCER** did knowingly possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,

in violation of Title ___18___ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
　　　　　　　　　　　　　　　　　　　　Official Title
on the following facts:

See attached Affidavit

FILED
AUG 1 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Continued on the attached sheet and made a part hereof:　Yes

_____
Jason Kusheba
Special Agent, ATF

Sworn to before me and subscribed in my presence,

August /*/, 2007　　　　　　　　　　　　　at　Wilmington, DE
Date　　　　　　　　　　　　　　　　　　　　　　City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. The information in this affidavit is based upon your affiant's personal knowledge and information as stated to me by Wilmington Police Detective George Pigford.

3. The seizure of all the below stated evidence occurred on August 14, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by Wilmington Police Detective George Pigford who has personal knowledge of the stated facts. Detective Pigford has been employed as a Wilmington Police Officer for over 8 years, and had made numerous arrests for firearms violations. Detective Pigford is currently assigned to Criminal Investigations Division, and has been so assigned for approximately one year.

4. On or about August 14, 2007, the Wilmington Police Department (WPD) received a report from a Hospital in Wilmington, DE, that they were treating the victim of a gunshot wound to the foot. On or about the same date, at approximately 0600 hours, WPD Detective (Det) Ron Mullin went to that Hospital to investigate this report. Upon his arrival, Det. Mullin interviewed the gunshot victim who was identified as Tyrik Spencer. At that time, Spencer stated that earlier that morning, while taking out the trash, two unknown males attempted to rob him at gun point in front of his residence, which is located in Wilmington, DE. Spencer stated that he attempted to grab the firearm from one of the assailants, at which time it went off into his left foot. Spencer stated that the two assailants ran off with the firearm and he was driven to the hospital. Det. Mullin then relayed this information to Det. Pigford.

5. On or about the same date, at approximately 0700 hours, Det. Pigford went to investigate the scene of the crime at or near Spencer's residence. At the scene, Det. Pigford discovered a spent 9mm shell casing and observed where it appeared that a projectile had impacted the ground. Det. Pigford observed this in an alleyway adjacent to Spencer's reported residence. Det. Pigford also observed a blood trail from this area which led to a tan Mercury Cougar parked across the street and then to a vacant parking space where the blood trail stopped.

6. On or about the same date, at approximately 0800 hours, Det. Pigford re-interviewed Spencer regarding the alleged incident. At that time, Spencer again stated how two unknown males

had attempted to rob him and that one of their firearms had discharged into his foot during a physical altercation with them. However, Spencer stated that after the firearm went off he was able to gain possession of it and the two unknown males ran away. Spencer then stated that before driving himself to the hospital, he hid the firearm in the glove compartment of a tan Mercury Cougar parked across the street from his residence.

7. On or about the same date, at approximately 1045 hours, Det. Pigford executed a search warrant of the tan Mercury Cougar that was parked across the street from Spencer's residence. As a result of the search, Det. Pigford recovered a loaded Taurus, Model PT-111, 9mm pistol serial number TYH26574, in Wilmington, DE.

8. On or about the same date, at approximately 1230 hours, your affiant and Det. Pigford again interviewed Spencer at the Hospital. At that time Det. Pigford verbally advised Spencer of his Miranda warnings. At that time, Spencer stated he understood his rights and agreed to answer questions. Initially, Spencer stated the same set of facts as he had previously relayed to Det. Pigford in the previous interview. However, during the course of the interview, Spencer acknowledged he made that story up and agreed to tell the truth. Spencer then stated that earlier that day, he was high on marijuana laced with PCP when he accidentally shot himself in the foot. Spencer stated that he had been in possession of this firearm since approximately Thursday of the prior week. Spencer stated that he traded 1/16 of an ounce of crack cocaine for the firearm from an unknown male from the east side of Wilmington whose name begins with a "W".

9. Your affiant reviewed the computer criminal history information for Spencer from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has prior felony convictions for Possession of a Destructive Weapon and Maintaining a Dwelling for Keeping Controlled Substances, from on or about April 30, 2001 in the New Castle County Superior Court for the State of Delaware, crimes punishable by imprisonment for a term exceeding one year. Spencer also has prior felony convictions for Robbery in the Second Degree and Possession of a Firearm During the Commission of a Felony from on or about August 31, 1998 in the New Castle County Superior Court for the State of Delaware, crimes punishable by imprisonment for a term exceeding one year. Spencer also has a prior felony conviction for Possession with Intent to Deliver a Schedule I Controlled Substance from on or about September 21, 1998 in the New Castle County Superior Court for the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

10. From you affiant's training and experience, and from prior discussions with ATF Agents who are expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above mentioned firearm was manufactured in a state other than Delaware. As such, its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware, and thus the possession of that firearm in Delaware affected interstate commerce.

11. Based upon your affiant's training and experience and upon a description of the seized

firearm by Det. Pigford, your affiant submits that there is probable cause to believe that the above-mentioned seized firearm contained the frame and receiver of a firearm, and that the firearm appeared to be capable of expelling a projectile by action of an explosive.

12. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint and arrest warrant charging that offense.

_____
Jason M. Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 14th day of August, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware